## Newsom *v.* Newsom, et al.

No. 39852          December 19, 1955          83 So. 2d 802

*Barnett, Jones & Montgomery,* Jackson; *Robert H. Dale,* Columbia, for appellant.

*Rawls & Hathorn, C. E. Conner,* Columbia; *H. H. Parker,* Poplarville; *Grayson B. Keaton,* Picayune, for appellees.

ETHRIDGE, J.

Appellant Mamie Newsom brought this suit in the Chancery Court of Marion County against her brother I. N. Newsom and other heirs claiming under her mother, Mrs. M. J. Newsom. Complainant asserted that she was the owner of 192 acres in Marion County, and that she acquired title to this land by a deed from her mother of April 29, 1922, which deed was recorded in the deed records on January 9, 1936. The bill charged that I. N. Newsom had been cutting and removing timber from the land, and had refused to permit a purchaser of timber from complainant to enter upon the land. It sought to cancel any and all claims of defendants and to remove clouds asserted by them, for an accounting, and a writ of possession. Defendants denied that complainant acquired any interest by the 1922 deed, but admitted that she owned a one-fifth interest as an heir of her mother. They pleaded that they owned the balance of the title as heirs and descendants of heirs of Mrs. M. J. Newsom. Laches and estoppel of complainant to assert the contrary were also interposed.

After a lengthy trial, at which the testimony was directed largely to the latter two issues and that of delivery vel non of the deed, the chancery court held that the proof showed clearly that the 1922 deed was never

delivered by the grantor to the grantee, Mamie Newsom; and also that the doctrines of laches and estoppel should be applied against Mamie's claim. Hence the bill was dismissed, and defendants' and cross-complainants' inherited interests were confirmed in them, but recognizing in appellant a one-fifth interest as an heir of her mother.

It would serve no purpose to set forth in detail the testimony on these issues. We think it was ample to support the finding of the chancery court, and certainly we cannot say that the chancellor was manifestly wrong. On the issue of whether the 1922 deed from Mrs. M. J. Newsom to appellant was delivered, the ultimate burden of proof on this issue was on appellant, who brought this suit and asserted title under the deed.

Appellant relies strongly upon the presumptions that the deed was delivered, arising from the fact that it was acknowledged before a notary public, from its signing by the grantor in the presence of both the grantor and grantee, and from the fact that appellant was in possession of it at the time of the trial. These presumptions created a prima facie case for appellant on the issue of delivery. But of course they are procedural presumptions and are rebuttable. The chancellor had the right and duty to examine all of the evidence on this issue, both direct and circumstantial. The evidence was ample to warrant the court in concluding that Mrs. M. J. Newsom did not deliver the deed to Mamie. She died in 1928, and from 1922 until her death she dealt with the land and its proceeds just as if she had not executed a deed to Mamie. Nor did Mamie assert any claim to this land as the sole owner until around 1935, when, after I. N. Newsom had attempted to obtain a loan from the Federal Land Bank, she advised him of the deed and offered to convey the land to him so that a loan could be obtained.

Mrs. M. F. Wellborn testified that she was the deputy chancery clerk in 1922; that she prepared the deed at

Mrs. Newsom's request; and that Mrs. Newsom told her that she was giving Mamie the place. However, she said that when she had completed the deed she handed it to Mrs. M. J. Newsom, who went out of the office with it in her hand; and that it was not delivered to Mamie in her presence. It was not thereafter seen by anyone until many years after the grantor's death. It was not recorded until eight years after her death, and until fourteen years after its alleged delivery to Mamie. Moreover, in 1927 Mrs. M. J. Newsom signed a deed to Mamie and three other children by which she purported to convey to them forty acres out of the 192 which appellant alleges had previously been conveyed to her in 1922. Although this 1927 deed was void because it was an attempted testamentary disposition, not to take effect until the grantor's death, the chancellor properly considered the fact of its execution as important circumstantial evidence indicating no delivery of the 1922 deed.

After Mrs. M. J. Newsom's death in 1928, Mamie and the other children and heirs executed various leases and conveyances concerning the lands, as if Mamie were claiming only an heir's interest. And after her mother's death, she and the other children agreed that I. N. Newsom, one of the heirs, would stay on the place and take care of it. Mamie acknowledged on several occasions that she had only an heir's part. With the exception of three years when I. N. Newsom was unable to pay taxes, appellant did not pay the taxes on the land. In addition, in 1933 the house on the property burned, and I. N. Newsom, in possession for all of the heirs, constructed a new house substantially at his own expense.

To offset all of this and other evidence indicating circumstantially and strongly that the 1922 deed never was delivered to Mamie, appellant relies only upon the above-stated presumptions of delivery. Yet the evidence amply rebuts those presumptions, and warranted the chancery court in finding that Mrs. M. J. Newsom did not deliver to appellant the 1922 deed.

Because of her long delay and laches in asserting title to these lands other than as an heir, appellant is estopped from claiming under the 1922 deed. She did not assert any rights under that deed until many years after the grantor died in 1928, after her brother Dr. L. Paul Newsom died in 1925, and after the death of her older brother J. W. Newsom in 1941. Paul Newsom's widow died in 1953 before the trial of this case. Appellant held this deed off the records for fourteen years, and in the meantime she dealt with the property and with her brothers and sisters and their heirs as if she owned only an heir's interest along with the others. She permitted I. N. Newsom to build a house on the property in 1933, and to pay taxes on it for practically all of the period prior to the filing of the suit in 1951. She agreed with the heirs that they would sell timber from the property to buy a monument for the graves of their parents, and executed several leases and conveyances which in context indicated she was claiming only as an heir. The chancery court was justified in considering that all of these circumstances operated to warrant applying to appellant the doctrine of equitable estoppel. Laches is delay which works a disadvantage to another. Comans v. Tapley, 101 Miss. 203, 57 So. 567 (1911). That occurred here. From a practical point of view, it is unbelievable that claimant during the crucial period in question considered that the 1922 deed had been delivered to her. Her entire course of conduct and dealings, in the light of normal experiences with human behavior, contradict that conclusion.

■■ The trial court held that appellant was incompetent to testify as a witness, because she would be attempting to establish her own claim against the estate of a deceased person, in violation of Code of 1942, Section 1690. Clearly this is correct. Not only was the claim being asserted against the estate of her deceased mother, but also against the estates of her deceased

brothers, Paul and J. W. Newsom, and of Paul Newsom's widow. Veazey v. Turnipseed, 219 Miss. 559, 69 So. 2d. 379 (1954).

Affirmed.

*Roberds,* P. J., and *Lee, Holmes* and *Arrington,* JJ., concur.